In the Matter of the Compensation of
Amparo Cordero, Claimant.

Amparo CORDERO,
*Petitioner,*

*v.*

MOLLER'S NURSERY
and EBI Companies,
*Respondents.*

(WCB 88-07044; CA A64062)

810 P2d 1333

James L. Francesconi, Portland, argued the cause for petitioner. With him on the brief was Francesconi & Associates, P.C., Portland.

Jerald Keene, Portland, argued the cause for respondents. With him on the brief were Leah Sideras and Roberts, Reinish, et al, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of a decision of the Workers' Compensation Board reducing the referee's award from permanent total disability to 100 percent permanent partial disability.

Claimant suffered a compensable back injury, which severely limits her activity. She was 36 years of age at the time of the hearing and had a third grade education in Mexico. She understands simple spoken English. At the time of the hearing, she was working for employer part-time, pruning, watering and potting small plants. She had a special chair that enabled her to work while seated.

■ Claimant's first contention is that her work at employer was not "regular," as required by ORS 656.206(1)(a), because her duties were modified to accommodate her back condition and her part-time employment was possible "only because of her extraordinary efforts and [employer's] sympathy and willingness to provide special working conditions." Claimant argues that the evidence supports only the conclusion that she was not employable in a hypothetically normal labor market. *Harris v. SAIF,* 292 Or 683, 642 P2d 1147 (1982). We agree with employer that the record supports the Board's finding that claimant is gainfully employed.

■ We also affirm the Board's ruling that a remand to the referee is not warranted for consideration of a letter containing a statement of claimant's attorney that, after receipt of the referee's order determining that claimant is permanently and totally disabled, employer terminated claimant. We agree with the Board that the letter is not material to a determination of claimant's disability as it existed at the time of the hearing.

■ The only remaining issue concerns the extent of claimant's disability. As the Board correctly noted, the criterion for rating unscheduled permanent partial disability is the loss of earning capacity due to the compensable injury. ORS 656.214(5). Earning capacity "is the ability to obtain and hold gainful employment in the broad field of general occupations." The Board held:

"Given claimant's relatively young age, limited education, moderately severe permanent physical impairment, prior work experience, and limited transferable skills, we conclude that an award of 100 percent permanent disability appropriately compensates her for her loss of earning capacity due to the compensable injury."

Given the Board's determination that claimant is 100 percent disabled, it must have found that she has lost 100 percent of her ability to hold gainful employment. ORS 656.214(5). As claimant argues, that would appear to be inconsistent with the Board's determination that claimant is gainfully employed for purposes of permanent and total disability. We remand to the Board for it to resolve that apparent inconsistency.

Reversed and remanded for reconsideration.